Filed 10/9/24  P. v. Franklin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100137 |
| Plaintiff and Respondent, | (Super. Ct. No. 69957) |
| v. | |
| TIMOTHY PRINCE FRANKLIN, | |
| Defendant and Appellant. | |

Defendant Timothy Prince Franklin appeals the trial court's denial of his petition for resentencing, purportedly brought under Penal Code section 1170.18,[1] and Assembly Bill No. 600 (2023-2024 Reg. Sess.) (Assembly Bill No. 600) (Stats. 2023, ch. 446). Defendant's appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436.

---

[1]     Undesignated statutory references are to the Penal Code.

1

Defendant filed a supplemental brief raising numerous contentions. We have independently reviewed the arguments defendant raises in his supplemental brief and conclude they are without merit. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

*Sacramento County Superior Court Case No. 69957*

In Sacramento County Superior Court case No. 69957 (case No. 69957) (the case at issue in this appeal), defendant was charged in 1984 with first degree burglary of an inhabited dwelling. (§ 459.) He pleaded no contest to the charge and was placed on four years' probation, with 11 months in county jail. Before probation expired, defendant in 1987 pleaded guilty in Sacramento County Superior Court case No. 81131 to violating Health and Safety Code, section 11350.

In October 2023, defendant filed a petition for resentencing, purportedly pursuant to Assembly Bill No. 600[2] and Proposition 47/section 1170.18.[3] Defendant argued that he entered an illegal plea because he was innocent of burglary. According to defendant, there was no factual basis for the plea. Defendant further argued he had actually been sentenced to second degree burglary because the sentencing triad for first degree burglary

---

[2] Assembly Bill No. 600, which went into effect January 1, 2024, allows courts to recall a sentence and initiate resentencing at any time if the sentencing laws applicable at the time of sentencing have changed. (§ 1172.1, subd (a)(1).) The court may do so on its own motion, or at any time upon the recommendation of multiple officials, including the Secretary of the Department of Corrections and Rehabilitation. (*Ibid.*) "A defendant is not entitled to file a petition seeking relief from the court under this section." (§ 1172.1, subd. (c).)

[3] Proposition 47, the Safe Neighborhoods and Schools Act (Gen. Elec. (Nov. 4, 2014), reduced certain drug-related and theft-related offenses that previously were felonies or "wobblers" to misdemeanors. (§ 1170.18, added by Prop. 47.) Specifically, section 1170.18 permits recall and resentencing for those convicted under former sections 459.5, 473, 476a, 490.2, 496, 666, and Health and Safety Code sections 11350, 11357, and 11377. (§ 1170.18, subd. (a).) Defendant was not convicted under any of these statutes.

2

is two, four, or six years, whereas the sentence for second degree burglary is one year in the county jail. He also argued that the facts of the case established that he committed a trespass, not burglary. He then asked the court not to treat the 1984 conviction as a strike, especially since it was not classified as a serious or violent felony in 1984.

In November 2023, the trial court summarily denied defendant's petition for resentencing. The court reasoned that defendant was not convicted of an offense that was eligible for resentencing under section 1170.18. In addition, even under the amendments to section 1172.1, a defendant is not entitled to file a petition seeking relief under that section. (§ 1172.1, subd. (c).)

Defendant timely appealed from the November 2023 order.

*Sacramento County Superior Court Case No. 01F02563*

In Sacramento County Superior Court case No. 01F02563 (case No. 2563), which is not at issue in this appeal, defendant was convicted of rape, sexual battery, and the commission of a lewd act on a 14-year-old victim. The jury also found true that defendant had a prior strike/serious felony (namely the 1984 burglary conviction in case No. 69957) (§§ 667, subds. (a)-(i), 1170.12) and had served two prior prison terms (former § 667.5, subd. (b)). We affirmed the conviction on appeal. (*People v. Franklin* (Aug. 22, 2003, C040922) [nonpub. opn.]; see also *People v. Franklin* (Dec. 14, 2006, C051778) [nonpub. opn.].) In 2006, defendant was resentenced to state prison for an aggregate term of 32 years and four months, as follows: eight years for sexual battery (four years doubled due to the strike), 16 years consecutive for rape, 16 months for the lewd act, five years for the prior serious felony, and two years for the two prior prison terms. We affirmed the judgment on appeal. (*People v. Franklin, supra*, C051778).)

In 2023, in case No. 2563, the trial court resentenced defendant pursuant to section 1172.75, imposing an aggregate prison sentence of 30 years four months. The court struck the prior prison term enhancements but declined to strike the prior strike or the

five-year prior serious felony enhancement.  We affirmed that judgment on appeal as well.  (*People v. Franklin* (July 3, 2024, C099919) [nonpub. opn.].)

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende, supra*, 25 Cal.3d 436.)

Defendant filed a supplemental brief raising multiple arguments regarding his resentencing in case No. 2563, including: (1) the trial court should have stricken the strike and the five-year prior strike enhancement pursuant to section 1385 and *Romero*;[4] (2) he was entitled to a full resentencing under section 1172.75 and *People v. Buycks* (2018) 5 Cal.5th 857; (3) he was entitled to relief under Assembly Bill No. 1618 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 586, § 1);[5] and (4) the trial court erroneously failed to consider his good behavior during his incarceration.  We find no merit in these contentions since they relate only to case No. 2563, which is not at issue in this appeal.

Defendant also challenges the factual basis for his burglary conviction in case No. 69957.  Despite defendant's contentions, we agree with the trial court that defendant was ineligible for resentencing under section 1170.18 because he was not convicted of an eligible offense.  We further agree that defendant was ineligible for relief under Assembly Bill No. 600 because section 1172.1 does not entitle a defendant to petition for relief.  (§ 1172.1, subd. (c).)

---

[4]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497

[5]     Assembly Bill No. 1618 added section 1016.8 and provides that "[a] provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments . . . that may retroactively apply after the date of the plea is void as against public policy."  (§ 1016.8, subd. (b).)  This provision has no application here.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order denying defendant's resentencing petition is affirmed.


_____\s\_____,
           Krause, J.


We concur:


_____\s\_____,
Duarte, Acting P. J.


_____\s\_____,
Mesiwala, J.